UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LUKE DUPLESSE,

                Plaintiff,

      -vs-

G4S SECURE INTEGRATION LLC,
G4S SECURE SOLUTIONS (USA) INC, and
GLENN DURANT

                Defendants.
-----------------------------------------------------------------X

Case No.

**COMPLAINT**

      Plaintiff LUKE DUPLESSE, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

## NATURE OF ACTION

    1.    This is an action is brought pursuant to the Uniformed Services Employment

and Reemployment Rights Act of 1994, 38 U.S.C. §§4301 *et seq.* ("USERRA"), the New

York State Human Rights Law, New York EXEC. Law § 290, *et seq.* ("NYSHRL"), and the

New York City Human Rights Law, Title 8 of the Administrative Code of the City of New

York, as amended, including The Local Civil Rights Restoration Act, effective October 3,

2005, as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL"), and other

appropriate rules, regulations, statutes and ordinances.  Specifically, Plaintiff brings claims

for Defendants unlawful discrimination, including, but not limited to, illegal termination due

to the Plaintiff's status a member in the United States Army Reserves.

## *JURISDICTION AND VENUE*

2.      Jurisdiction is based upon 38 U.S.C. §4323(b) and 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301, *et seq.* Plaintiff relies upon 28 U.S.C. §1367 to invoke supplemental jurisdiction with respect to the New York State claims which form another basis for recovery upon the same factual nexus, specifically Plaintiff's NYSHRL and NYCHRL claims.

3.      Venue is based upon 38 U.S.C. § 4323(c)(2), insofar as the Defendants maintain a place of business in this district.  Additionally, venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this Judicial District.

## *THE PARTIES*

4.      The plaintiff LUKE DUPLESSE (hereinafter "Mr. Duplesse" or "Plaintiff") is an individual residing in Suffolk County, New York.

5.      At all times herein pertinent, Mr. Duplesse is an "employee" of the Defendants, and each of them, within the meaning of USERRA, 38 U.S.C. §4303(3), NYSHRL, N.Y. Exec Law §292(6), and the NYCHRL, N.Y.C. Admin. Code § 101 *et seq.*

2

6.    At all times herein pertinent, Mr. Duplesse is a "person" within the meaning of the NYSHRL, N.Y. Exec Law §292(1).

7.    Upon information and belief, Defendant G4S SECURE INTEGRATION LLC (hereinafter "G4S Secure Integration") was and is a foreign limited liability company created under the laws of Delaware, that is duly authorized to do business in New York State.

8.    Defendant G4S Secure Integration is a security company with headquarters at 1395 University Boulevard, Jupiter, Florida and field offices around the country, including an office at 60 East 42nd Street, Suite 2310, New York, NY 10165.

9.    At all times herein pertinent, G4S Secure Integration is an employer of the Plaintiff, within the meaning of USERRA, 38 U.S.C. §§4301, *et seq.*

10.    G4S Secure Integration is an employer of the Plaintiff, within the meaning of NYSHRL, N.Y. Exec Law §292(5) and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had and has four (4) or more persons in its employ at all times relevant.

11.    Upon information and belief, Defendant G4S SECURE SOLUTIONS (USA) INC (hereinafter "G4S Secure Solutions") was and is a foreign business corporation created under the laws of Florida, that is duly authorized to do business in New York State.

12.    Defendant G4S Secure Solutions is a security company with headquarters at 1395 University Boulevard, Jupiter, Florida and field offices around the country, including an office at 60 East 42nd Street, Suite 2310, New York, NY 10165.

13.     At all times herein pertinent, G4S Secure Solutions is an employer of the Plaintiff, within the meaning of USERRA, 38 U.S.C. §§4301, *et seq.*

14.     G4S Secure Solutions is an employer of the Plaintiff, within the meaning of NYSHRL, N.Y. Exec Law §292(5) and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had and has four (4) or more persons in its employ at all times relevant.

15.     Defendant, GLENN DURANT ("Durant") as a regional manager for the Defendant corporations, had the authority to hire, fire, discipline, supervise, and direct Plaintiff, and administer the terms, conditions and privileges of his employment.

16.     Defendant Durant is an employer within the meaning of USERRA, 38 U.S.C. §§4301, *et seq.*

17.     Defendant Durant is an employer of the Plaintiff, within the meaning of NYSHRL, N.Y. Exec Law §292(5) and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had and has four (4) or more persons in his employ at all times relevant.

18.     Upon information and belief, at all time herein pertinent, Defendant Durant had his actual place of business at 60 East 42nd Street, Suite 2310, New York, NY 10165.

19.     Defendant Durant actually participated in the conduct giving rise to the claims of discrimination alleged herein and is liable as an aider and abettor of unlawful conduct.

*Interrelationship between the Entity Defendants*

20.    Upon information and belief, the entity Defendants operate as a single integrated enterprise along with other companies, for a joint business purpose. As such, the entity Defendants have interrelated operations, centralized control of operations, common management, and common ownership and/or financial control.

21.    The entity Defendants share a common website, http://www.g4s.us, which allows users to learn about many of the G4S companies, their products and services, and job openings.

22.    The entity Defendants advertise and market to clients together through their shared website.

23.    The entity Defendants advertise job openings together on their common website.

24.    The entity Defendants use a common logo:



25.     Upon information and belief, the entity Defendants all use the same employee manuals, company letterhead, and payroll operations.

26.     The entity Defendants have a common business purpose in that they secure people, property and assets by understanding and mitigating security risk in exchange for money.

27.     Upon information and belief, the entity Defendants share office space with one another, at 1395 University Boulevard, Jupiter, Florida.

28.     Upon information and belief, the entity Defendants have a centralized human resource department.

29.     Upon information and belief, the entity Defendants have the same management team, including sharing a Chief Executive Officer John Kenning, Chief Human Resource Officer Geoff Gerks, and Chief Information Officer Scott Crutchfield (the "Management Team").

30.     The single integrated enterprise is controlled by the Management Team.

## *FACTUAL ALLEGATIONS*

31.     In September of 2012, Mr. Duplesse joined the United States Army reserves and currently holds the rank of First Lieutenant.

32.     In May 2012, Mr. Duplesse was first employed by the Defendants as a Custom Protection Officer in Los Angeles California.

33.     In 2014, Mr. Duplesse was transferred to the Defendants' operations in South Carolina where he worked as an Area Supervisor overseeing multiple accounts.

34.     Seeing that he was intelligent, hardworking, and driven, the Defendants recruited Mr. Duplesse over to the technical side in February 2016.

35.     From February 2016 until November 2016 Mr. Duplesse worked for the Defendants as a project manager overseeing several high-profile projects for the Defendants.

36.     As a project manager, Mr. Duplesse was responsible to make sure that the project that he was assigned was successful and arrives at a profitable completion.  As a result of these functions, Mr. Duplesse was responsible for project progress, contract management, financial reporting, scheduling, quality assurance and control, and safety.

37.     From February 2016 through November 2016, the projects in Mr. Duplesse's portfolio included, but are not limited to, Charleston Airport and the Santee Power Plant.

38.     Mr. Duplesse worked for the Defendants in South Carolina without incident. Seeing that he had promise, Mr. Duplesse was promoted and moved to one of G4S's most demanding markets, New York City in November 2016.

39.     Upon information and belief, the corporate decisions regarding Mr. Duplesse's employment including, but not limited to, firing, paying, and administering the

terms, conditions and privileges of him employment were made within the City of New York, State of New York.

40.     Plaintiff was an outstanding, dedicated, and hardworking employee, serving the Defendants faithfully in his position.

41.     Mr. Duplesse began working for the Defendants in New York City around November 2016.

42.     Since he started working for the Defendants in New York City, Mr. Duplesse worked under the direction of Defendant Durant.

43.     After his arrival in New York City, and until his discriminatory firing, Mr. Duplesse continued to work for the Defendants as a project manager.   Moreover, he also provided AQ systems training to other project managers in the New York City office.

44.     In March 2018 Mr. Duplesse informed the Defendants that he was being deployed pursuant to orders issued by the U.S. Army.

45.     Mr. Duplesse's orders entailed deployment for a full year and directed him to report for pre-deployment training in West Virginia, then to Fort Jackson, South Carolina for pre-deployment schooling and lastly, he would have to report to Fort Bliss, Texas, for final training and processing before arriving in country.

46.     Upon receiving these orders, and informing the Defendants of same, Mr. Duplesse began the task of shifting his projects over to other project managers and informing clients that he would be deployed overseas beginning around the end of March 2018.

47.     After leaving for pre-deployment training, Mr. Duplesse's orders were changed and his overseas deployment was cancelled, but he was still ordered to complete his schooling at Fort Jackson.

48.     Mr. Duplesse informed the Defendants of his new orders after he confirmed them and then asked for instructions on how to proceed.

49.     After reviewing his new orders, Mr. Duplesse was told to report back to the Defendants' New York office after he completed schooling in Fort Jackson.

50.     In compliance with the Defendants' instructions, Mr. Duplesse returned to the New York office on or about May 14, 2018.

51.     Upon his return, the Defendants demonstrated their discriminatory animus towards those who serve this country.

52.     Upon his return, the Defendants refused to assign more than one project to Mr. Duplesse even though before being deployed he regularly handled 10-15 projects for the Defendants.

53.     Also, upon his return from deployment, the Defendants informed Mr. Duplesse that he would be *assisting* other project managers with their projects rather than managing projects himself.

54.     Like a good soldier, Mr. Duplesse followed these orders, and assisted the five other project managers on this team, including the two project managers over which he had seniority.

9

55.     This continued until June 1, 2018, *two and a half weeks* after his return from deployment, when Defendants terminated Mr. Duplesse.

56.     According to paperwork received by Mr. Duplesse from the Defendants, the reason for his termination was a reduction in force.

57.     Defendants did not terminate any other project managers during this reduction in force in New York.

58.     Defendants did not give Mr. Duplesse the opportunity to apply for other near by positions for which he may have been qualified.

59.     On or about June 1, 2018, the Defendants placed an ad on its own website for a project manager in the New York City office.

60.     On or about June 1, 2018, the Defendants placed an ad on indeed.com for a project manager in the New York City office.

61.     On or about June 1, 2018, the Defendants placed an ad on monster.com for a project manager in the New York City office.

62.     Defendants' discriminatory conduct was both severe and pervasive.  This conduct was personally insulting, offensive, and abusive to Plaintiff, and would be objectively insulting, offensive, and abusive to others.

63.     Plaintiff's military status was motivating factor in the discriminatory conduct outlined above.

10

64.     Defendants encouraged, condoned, and approved of the discriminatory conduct outlined above.

65.     Upon information and belief, Defendants willfully violated the anti-discrimination laws in questions in that they were unreasonable in their determination of their legal obligations.

66.     Defendants' intolerable conduct far exceeded petty slights or trivial inconveniences acceptable in the workplace. As a result, Plaintiff was treated less well than other employees on the basis of his military status, in violation of the NYCHRL.

67.     Plaintiff was unlawfully discriminated against, and discharged, on the basis of his military status, in violation of the NYCHRL.

68.     Upon information and belief, the Defendants replaced the Plaintiff with someone outside of his protected class. To wit, they hired someone who is not a member of the armed forces or someone who not become active duty in the armed forces within a short time frame after they terminated Mr. Duplesse.

69.     The Defendants treated Plaintiff unequally, and "less well" than other employees because of his military status, in violation of NYCHRL.

70.     Employees outside Plaintiff's protected class were treated more favorably than Complaint.

11

71.     Prior to the commencement of this action, Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with N.Y.C. Admin. Code § 8-502(c).

### *AS AND FOR A FIRST CAUSE OF ACTION THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT AGAINST THE DEFENDANTS, AND EACH OF THEM (DISCRIMINATION)*

72.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

73.     Section 4311 of USERRA provides that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

74.     Defendants violated section 4311 of USERRA by, discriminating against Plaintiff by, *inter alia*, terminating his employment due to his military status.

75.     As a result of Defendant's unlawful discriminatory and statutory violation, Plaintiff suffered the loss of employment as well as earnings and benefits of employment in an amount to be determined at trial.

76.     By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of USERRA.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW
## ACT AGAINST THE DEFENDANTS, AND EACH OF THEM
## (DISCRIMINATION)

77.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78.     The New York State Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

79.     Defendants have discriminated against Plaintiff in the terms, conditions, and privileges of employment, and/or by terminating his employment on the basis of military status in violation of NYSHRL, N.Y. Exec Law §296.

80.     As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

81.     By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYSHRL.

### *AS A THIRD CAUSE OF ACTION*
### *AIDING AND ABETTING*
### *NEW YORK STATE HUMAN RIGHTS LAW*

82.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

83.     The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

84.     Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK CITY HUMAN RIGHTS LAW*
### *ACT AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(DISCRIMINATION)*

85.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

14

For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

87.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon his uniformed service status.

88.    As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

89.    By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

### *AS A FIFTH CAUSE OF ACTION*
### *AIDING AND ABETTING*
### *UNDER NEW YORK CITY LAW*
### *(AGAINST THE DEFENDANTS, AND EACH OF THEM)*

90.    Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

91.     The New York City Administrative Code Title 8 §8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

92.     Defendant Timmons violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### AS A SIXTH CAUSE OF ACTION
### EMPLOYER LIABILITY
### UNDER NEW YORK CITY LAW
### (AGAINST THE DEFENDANTS, AND EACH OF THEM)

93.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

94.     The New York City Administrative Code Title 8 §8-107(13) provides

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

16

95.    The Entity Defendants are also liable under the NYCHRL due to this provision.

### *JURY DEMAND*

96.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury with respect to all issues so triable.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

a) Declaring Defendants willfully violated the USERRA, the NYSHRL, and NYCHRL by discriminating against the Plaintiff due to his military status;

b) Ordering Defendants to comply with the anti-discrimination provisions of the USERRA, the NYSHRL, and the NYCHRL;

c) Ordering Defendants pay Plaintiff all amounts due to him for lost wages and other benefits of employment caused by Defendants' violations of the USERRA, NYSHRL, and NYCHRL;

d) Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income and all other benefits he would have expected to earn during his entire lifetime had it not been for Defendants' unlawful discrimination;

e)   Awarding Plaintiff liquidated damages in an amount equal to the amount of lost

wages and other benefits of employment suffered by reason of Defendants' willful

violations of USERRA, pursuant to 38 U.S.C. §4323(d)(1)(C);

f)   awarding the costs and disbursements of this action, along with reasonable attorneys'

fees;

g)   Awarding punitive damages;

h)   Awarding pre- and post-judgment interest; and

i)   Granting any such other relief that the court deems just.


Dated:  New York, New York
         August 22, 2018

                                            Respectfully submitted,
                                            LAW OFFICES OF WILLIAM CAFARO


                                            Amit Kumar (AK0822)
                                            Attorneys for Plaintiff
                                            108 West 39th Street, Suite 602
                                            New York, New York 10018
                                            (212) 583-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUKE DUPLESSE,                                          Case No.

                          Plaintiff,

              -vs-                                      **COMPLAINT**

G4S SECURE INTEGRATION LLC,
G4S SECURE SOLUTIONS (USA) INC, and
GLENN DURANT

                    Defendants.
-----------------------------------------------------------------X


---

## COMPLAINT

---


LAW OFFICE OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400

19